**UNITED STATES of America, Plaintiff,**

v.

**Eugene SLAY, Leroy Tyus and James Cullen, Defendants.**

No. 86–67CR–(1).

United States District Court, E.D. Missouri, E.D.

Dec. 3, 1987.

David Rosen, Asst. U.S. Atty., St. Louis, Mo., for plaintiff.

Barry A. Short, St. Louis, Mo., for Cullen.

Edward R. Joyce, St. Louis, Mo., Bobby Lee Cook, L. Branch & S. Connelly, Summerville, Ga., for Slay.

Jim J. Shoemake, Kurt Odenwald & Thomas J. Guilfoil, St. Louis, Mo., Thomas M. Utterback, Washington, Mo., for Tyus.

## ORDER AND MEMORANDUM

NANGLE, Chief Judge.

IT IS HEREBY ORDERED that the United States' motion for reconsideration of order granting new trial and for reinstatement of verdicts be and is denied.

On November 4, 1987, this Court set aside the jury's guilty verdicts in this case and granted defendants a new trial. The Court relied upon *McNally v. United States*, —— U.S. ——, 107 S.Ct. 2875, 97 L.Ed.2d 292 (1987). The Court concluded that certain instructions permitted the jury to convict defendants for conduct not within the reach of the mail and wire fraud statutes because the instructions did not require the jury to find that defendants obtained or intended to obtain money or property by their alleged fraudulent scheme. Instead, the instructions permitted the jury to convict defendants for devising a scheme to defraud the citizens of St. Louis of their intangible right to honest and impartial government. The United States now moves the Court to reconsider its order of November 4, 1987, in light of *Carpenter v. United States*, —— U.S. ——, 108 S.Ct. 316, 97 L.Ed.2d —— (1987).

■ In *Carpenter*, Winans and Felis devised a scheme to take for their own use certain confidential business information belonging to the Wall Street Journal. They were found guilty of violating the federal mail and wire fraud statutes. The Supreme Court affirmed their convictions. The Court concluded that confidential business information—although intangible in nature—is property protected by the mail and wire fraud statutes. The Court distinguished *McNally v. United States*, —— U.S. ——, 107 S.Ct. 2875, 97 L.Ed.2d 292 (1987), by noting that: "*McNally* did not limit the scope of [the mail fraud statute] to tangible as distinguished from intangible property rights." *Carpenter*, —— U.S. at ——, 108 S.Ct. at 320. Rather, the Court explained: "We held in *McNally* that the mail fraud statute does not reach 'schemes to defraud citizens of their intangible rights to honest and impartial government'." *Carpenter*, at ——, 108 S.Ct. at 320. Thus, the scheme in *McNally* did not

violate the mail fraud statute because the right to honest and impartial government simply is not a property right protected by the mail fraud statute, and not because of the intangible nature of that right. Yet, as *Carpenter* makes clear, a scheme to defraud violates the mail and wire fraud statutes only if it is a scheme to obtain some type of property, intangible or tangible.

In *United States v. Slay, Tyus, and Cullen*, 673 F.Supp. 336 (E.D.Mo.1987); Instruction No. 40 provided:

> A scheme to deprive the citizens of the City of St. Louis of the conscientious, loyal, faithful, disinterested and unbiased services and actions of a member of the Board of Aldermen of the City of St. Louis, including the President of the Board of Aldermen, comes within the meaning of the term "scheme or artifice to defraud" as that term is used in the mail and wire fraud statutes. A scheme or artifice to defraud citizens of their right to the honest and faithful services of a public official exists where that scheme contemplates that stock or money is to be paid to a public official in the course of the conduct of his office to seek special favors or preferential treatment, for the knowing receipt of stock or money by a public official to induce him to grant special favors and preferential treatment upon the payor constitutes a breach of the official's duty to perform loyally and honestly. When a public official himself, or in conjunction with others who are not public officials, seek such a payment for themselves or others, they thereby devise a scheme to defraud.

This instruction permitted conviction of defendants for conduct not within the reach of the mail and wire fraud statutes because it permitted the jury to convict defendants for devising a scheme to defraud citizens of their intangible rights to honest and impartial government. This instruction permitted conviction without requiring that the jury find that defendants obtained or intended to obtain money or other property by means of their alleged fraudulent scheme.

In the opinion of this Court, Instruction No. 40–A also permitted conviction of defendants for conduct not within the reach of the mail and wire fraud statutes because it permitted the jury to convict defendants for concealment of information from public officials without requiring the jury to find that said concealment was the means to obtain money or other property, such as the St. Louis Cable Television franchise. In contrast, Instruction No. 40–B expressly linked false and fraudulent representations to obtaining money or property, namely the St. Louis Cable Television franchise, and expressly required the jury to find that the franchise was a thing of value.

*Carpenter v. United States,* —— U.S. ——, 108 S.Ct. 316, 97 L.Ed.2d —— (1987), in no way undermines this Court's conclusion that Instructions Nos. 40 and 40–A permitted conviction of defendants for conduct not within the reach of the mail and wire fraud statutes because these instructions permitted conviction without requiring the jury to find that defendants obtained or intended to obtain money or other property—tangible or intangible—by means of their alleged fraudulent scheme. Further, as the Court previously explained, the Court is not convinced that these instructional errors were harmless beyond a reasonable doubt under the *Chapman* standard. *See Pope v. Illinois,* —— U.S. ——, 107 S.Ct. 1918, 95 L.Ed.2d 439 (1987).

For the foregoing reasons, the United States' motion for reconsideration in light of *Carpenter v. United States,* —— U.S. ——, 108 S.Ct. 316, 97 L.Ed.2d —— (1987), is denied.